AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

Southern District of Texas

United States Courts
Southern District of Texas
FILED

*May 18, 2026*

Nathan Ochsner, Clerk of Court

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Domingo Resendiz-Rubio | ) | Case No. **4:26-mj-326** |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ January 19, 2026 _____ in the county of _____ Harris County _____ in the _____ Southern _____ District of _____ Texas _____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326 (a) | a native and citizen of Mexico, and an alien who had been previously deported from the United States, subsequent to having been convicted of a crime defined as a felony, was found unlawfully in the United States at Houston, Texas, the said defendant having not obtained the consent before March 2003 from the Attorney General of the United States to reapply for admission into the United States; and without having obtained corresponding consent after February 2003 from the Secretary of Homeland Security pursuant to 6 U.S.C. §§ 202(3) and (4) and 6 U.S.C. § 557, |

This criminal complaint is based on these facts:

See Attached Affidavit in support of the Criminal Complaint

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Dwight F. Hunt, ICE Deportation Officer
*Printed name and title*

Sworn to me telephonically.

Date: _____ 05/18/2026 _____

_____
*Judge's signature*

City and state: _____ Houston, Texas _____

Hon. Christina Bryan, United States Magistrate Judge
*Printed name and title*

**4:26-mj-326**

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Dwight F. Hunt, being duly sworn telephonically, hereby depose and say:

(1)     I am a Deportation Officer with the United States Immigration and Customs Enforcement ("ICE") and have served in that capacity since September 29, 2017. My law enforcement career began March 12, 2007, as a Border Patrol Agent.  I currently have over 12 years of immigration law enforcement experience.

(2)     On January 19, 2026, ICE was made aware of the unlawful presence of Domingo Resendiz-Rubio (Defendant) in the United States as a result of information provided by the Harris County Jail (HCJ), in Harris County, Texas. The Defendant also goes by the alias(s) of Domingo Resendiz.

(3)     On May 16, 2026, the HCJ transferred the Defendant to the custody of ICE at the Montgomery Processing Center in Conroe, Texas, for administrative immigration proceedings.

(4)     On May18, 2026, at approximately 9:00 am., ICE identified the Defendant as being amenable to prosecution for violation of 8 U.S.C. § 1326(a).

(5)     The Defendant's fingerprints have been taken and electronically submitted to various law enforcement databases. According to the Integrated Automated Fingerprint Identification System (IAFIS), the Defendant is the same individual as the person referred to in this Affidavit as having been previously deported and convicted.

(6)     Based upon the information from ICE's records as described below, and my training and experience, I submit that there is probable cause to believe that the Defendant is in violation of 8 U.S.C. § 1326(a).

(7)     Element One: The Defendant is a citizen and national of Mexico and not a native, citizen or national of the United States.

(8)     Element Two: The Defendant has previously been deported or removed from the United States on the following occasions:

1.  Removed 12/27/2023
2.  Removed 10/31/2022
3.  Removed 10/17/2017
4.  Removed 07/09/2015
5.  Removed 02/12/2015

6. Removed 05/09/2013

(9)     Element Three: After deportation, the Defendant was subsequently found in the United States on January 19, 2026, in Harris County, which is within the Houston Division of the Southern District of Texas. Additionally, I consulted with ICE's Law Enforcement Support Center ("LESC") to determine whether, in the past five years, and after the Defendant's last deportation, the Defendant had been encountered by law enforcement prior to the date specified earlier in the paragraph and I am awaiting their response. I reviewed the same database used by LESC and found no encounters.

(10)     Element Four:  The Defendant did not have permission to reenter the United States. On May 18, 2026, I reviewed the contents of the Alien File associated with this Defendant and/or available database information. I found no indication that the Defendant has ever received permission from the Attorney General of the United States, or the Secretary of the Department of Homeland Security, to apply for admission to the United States following deportation from the United States. I have requested certification of this fact from the Records Branch of the Immigration Service.

(11)     Prior Criminal History: The Defendant has the following prior criminal history:

a)  On April 22, 2026, the Defendant, using the name Domingo Resendiz Rubio, was convicted in the 284th District Court in Harris County, Texas for driving while intoxicated and sentenced to 1 year in state jail (TDCJ).

b)  On October 10, 2018, the Defendant, using the name Domingo Resendiz Rubio, was convicted in Whitefield County Superior Court in Whitefield County, Georgia for the offense of driving under the influence of alcohol and sentenced to 10 days in county jail, 240 hours community service, and 11 month and 20 days probation.

c)  On September 18, 2017, the Defendant, using the name Domingo Rubio Resendiz, was convicted in Whitefield County Superior Court in Whitefield County, Georgia for the offense of giving false name, address, or birthdate to law enforcement officer and sentenced to 60 days in county jail.

d)  On September 18, 2017, the Defendant, using the name Domingo Rubio Resendiz, was convicted in Whitefield County Superior Court in Whitefield County, Georgia for the offense of willful obstruction of law enforcement officers and sentenced to 60 days in county jail.

e)  On January 27, 2015, the Defendant, using the name Domingo Resendiz-Rubio, was convicted in Whitefield County Superior Court in Whitefield County, Georgia for the offense of driving without a license and sentenced to

12 months probation.

f)   On January 27, 2015, the Defendant, using the name Domingo Resendiz-Rubio, was convicted in Whitefield County Superior Court in Whitefield County, Georgia for the offense of giving false name, address, or birthdate to law enforcement officer and sentenced to 12 months probation.

g)   On January 27, 2015, the Defendant, using the name Domingo Resendiz-Rubio, was convicted in Whitefield County Superior Court in Whitefield County, Georgia for the offense of driving under the influence of alcohol and sentenced to 11 months and 5 days probation.

(12)   On May 18, 2026, I contacted the U.S. Attorney's Office, Southern District of Texas, Houston Division, concerning the criminal complaint. On or about that day, Assistant U.S. Attorney Jay Hileman (713) 703-9308 accepted this case for prosecution for violation of 8 U.S.C. § 1326(a).

(13)

_____
Dwight F. Hunt, Deportation Officer
United States Department of Homeland Security
U.S. Immigration & Customs Enforcement

Subscribed and sworn to me telephonically on 18th day of May 2026, and I find probable cause.

_____
Hon. Christina Bryan
United States Magistrate Judge
Southern District of Texas